## Rutherford v. Leckie, et al.

(Decided March 3, 1922.)

### Appeal from Pike Circuit Court.

Deeds—Exception in Habendum Clause.—An exception in the habendum clause of a deed of "coal and coal right," coupled with a recital in another part of the deed that the coal and coal right had already been sold and transferred, which latter recital was only true as to a part of the land conveyed, operates as an exception of the coal and coal right under all of the land conveyed; the ex-

ception as to the part previously conveyed being for the benefit of the grantors' former vendees, and the exception as to that part not previously conveyed being for the grantors' benefit.

W. G. W. RIDDLE and ROSCOE VANOVER, for appellant.

AUXIER, HARMAN & FRANCIS, J. R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Prior to the year 1900 John Rutherford was the owner of a large tract of land on Pond creek in Pike county. In that year by deed of gift he conveyed to his son, William A. Rutherford, a part of that tract of land, including the home where John Rutherford lived, estimated to be about fifty acres.

In 1903 John Rutherford conveyed to Thorne and others all the coal in, on and underlying three tracts of land owned by John Rutherford, and in that conveyance William A. Rutherford and his wife joined and there was embraced in it the coal under nearly all the land theretofore conveyed by John Rutherford to William A. Rutherford in 1900, but the conveyance to Thorne and others did not embrace the coal in about seven or seven and one-half acres of land around the house formerly occupied by John Rutherford and embraced in the deed by him to William A. Rutherford.

In 1906 William A. Rutherford conveyed to Laura B. Toler all or a part of the land theretofore conveyed to him by his father, John Rutherford, in 1900, and this conveyance embraced not only the seven and a fraction acres surrounding the house upon which the coal right had not been sold, but also covered a large part of the land conveyed by John to William A. under which the coal had been sold and conveyed.

In the deed from William A. Rutherford to Laura B. Toler there were certain exceptions as to the coal and coal rights which are the subject of this litigation.

In February, 1912, William A. Rutherford and his wife conveyed to the appellant, Malcomb Rutherford, all of their right, title and interest of every kind, including the minerals, in the tract of land theretofore conveyed by William A. Rutherford to Laura B. Toler in 1906.

This is an equitable action by Malcomb Rutherford against Laura B. Toler and her vendees wherein he

claims title under the deed of February, 1912, from William A. Rutherford to the coal and other minerals under about seven or seven and one-half acres of the tract of land conveyed by William A. Rutherford to Laura B. Toler, and whether he has such title depends upon an interpretation of the exceptions contained in the deed from William A. Rutherford to Laura B. Toler in 1906. That is to say, it depends upon whether under those exceptions there remained in William A. Rutherford title to any of the coal or minerals under any part of the land conveyed by him to Laura B. Toler.

In the deed of William A. Rutherford to Laura B. Toler it is said:

"It is thoroughly understood between all of the above named parties that the coal and coal right is already sold and transferred except in coal that is needed to be used for domestic purposes."

Again, in the habendum clause, there is this provision:

"To have and to hold the same, together with all the appurtenances except coal and coal right thereunto belonging, unto the party of the second part, her heirs and assigns forever."

The lower court dismissed the plaintiff's petition, thereby adjudging in effect that no right or interest of any kind remained in William A. Rutherford in any part of the land conveyed by him to Laura B. Toler in 1906, and from that judgment this appeal is prosecuted.

It is perfectly apparent that the first quotation above from the deed of 1906 had reference to the coal and coal right theretofore conveyed by John and William A. Rutherford in 1903 and was intended for an exception out of the estate conveyed for the benefit of the grantees of John and William A. Rutherford.

But when we come to the exception contained in the habendum clause it is much broader and more comprehensive; in fact, it is a blanket exception so far as the coal and coal right is concerned. On its face it applies not only to the coal theretofore conveyed by John and William A. Rutherford, but to the coal and the coal right on and under the whole tract of land therein being conveyed to Laura B. Toler. The language is unambiguous and not susceptible of misinterpretation and must be given the effect to except from the provisions of the conveyance the coal and coal right on or under all of the land conveyed; necessarily the exception, insofar as it applies to the coal and coal right theretofore conveyed by John and

William A. Rutherford is concerned, was for the benefit of their vendees; but the exception insofar as it applies to that part of the land not embraced in their former deed must be treated as for the benefit of the grantor, William A. Rutherford. In other words, under the plain terms of the instrument William A. Rutherford did not part with the coal and coal right in his deed to Toler which he had not formerly parted with, and the title to the same remained in him.

It may be, as argued by appellees, that the parties to the deed of 1906 did not have in mind the coal or coal rights under the farming lands embraced in that instrument and which had not theretofore been conveyed. But be this as it may, giving effect to that exception, it must be admitted, whether it was or not then in the minds of the parties, that William A. Rutherford under that blanket exception remained the title holder of the coal and coal right under such part of the land as he had not theretofore parted with.

Appellees rely upon the case of Townes v. Brown, 114 S. W. 773, as supporting their contention that the exception in this case was operative only so far as it applied to the coal or coal rights theretofore sold. In that case there was a conveyance by Townes and wife in which there was no habendum clause, but there was an effort in the clause of the instrument dealing with the warranty of title to except the mining privileges, and the court held that as no claim to the mining privileges had been made for nearly fifty years by the grantor or his heirs, the exception would be construed as a mere limitation on the covenant of warranty. The court, however, in that very opinion, after holding that any ambiguity or uncertainty in an exception in a deed will be most strongly construed against the grantor and that exceptions must be clearly and plainly made, further said:

"If there was an habendum clause in the deed, and a reservation therein of the mineral rights, undoubtedly it would be good unless the language describing the reservation was of such a vague and uncertain character as to render it uncertain as to what part of the property was reserved."

Here we have the habendum clause and we have plain language therein excepting from the operation of the conveyance the "coal and coal right," and being of the opinion that William A. Rutherford never parted with the coal or coal right under that part of the land not embraced in

John and William A. Rutherford's former conveyance, it results that appellant, Malcomb Rutherford, took title under the conveyance to him from William A. Rutherford in 1912 to the coal and coal right under that part of the land not so embraced in the former conveyance.

The judgment is reversed with directions to so adjudge.